**SIGNED.**



Dated: December 10, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| **BERRY GOOD, LLC**, and related proceedings, | ) | No. 4:08-bk-16500-JMM |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| OTHER JOINTLY ADMINISTERED DEBTORS: | ) | **MEMORANDUM DECISION** |
| **BEAUDRY CHEVROLET, CHRYSLER, JEEP & DODGE, LLC** 4:08-bk-16504-JMM | ) | |
| **PALO VERDE VENTURES, LLC** 4:08-bk-16526-JMM | ) | |
| **GILA RIVER VENTURES, LLC** 4:08-bk-16527-JMM | ) | |
| **SMART VENTURES, LLC** 4:08-bk-16529-JMM | ) | |
| **WITT VENTURES, LLC** 4:08-bk-16531-JMM | ) | |
| **BEAUDRY RV COMPANY** 4:08-bk-16533-JMM | ) | |
| **BEAUDRY RV RESORT, INC.** 4:08-bk-16536-JMM | ) | |
| In re: | ) | No. 4-08-bk-17015-JMM |
| | ) | (Joint Administration Pending) |
| **BEAUDRY RV MESA, INC.** | ) | |
| Debtor. | ) | |

Before the court is the motion of certain of the operating Debtors (Beaudry RV Company, Beaudry RV Resort, Inc. and Beaudry RV Mesa, Inc.), together with creditor GE Commercial Distribution Finance Corporation ("GE") for approval of a stipulation "allowing use of cash collateral." (Dkts. #56 and #57.) This motion was filed on December 5, 2008, one day after this court decided the Debtors' motion concerning use of a DIP loan facility, and after the court restricted the use of some of the proceeds related to certain line items in the budget. (*See* Dkts. #52 and 53.) An evidentiary hearing was held. To date, no schedules for the operating entities have been filed, nor have plans of reorganization been filed.

## **The Motion**

Last week, the evidentiary record presented by both GE and the Debtors was:
1. That GE was an oversecured pre-petition creditor; and
2. That GE had given the Debtors consent to use any "cash collateral" in which it held a security interest, or that constituted a "proceed" of a sale of its inventory collateral.

As of this date, until midway through today's hearing, neither the Debtors nor GE had presented any additional evidence nor had they pled that these facts have changed. The pleadings had not specifically addressed such issues, point blank.

Thus, until the start of today's hearing, there had been no hint of a change of circumstances since last week. In their moving papers, both the operating Debtors and GE changed the label on the $288,000 (proposed last week) from payment on a pre-petition debt, to one for $280,000 now styled as "adequate protection" (proposed this week).

Last week, this court rejected the same request, although there it was presented as a line item in the Debtors' budget.

This week, the new theory is that this is a necessary payment of "cash collateral." However, the effort again must fail, because if GE is oversecured (and the evidence showed that it is), it need not be paid any type of "adequate protection" under § 361, because it is protected by an

equity cushion. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370, 108 S.Ct 626, 630, 98 L.Ed. 2d 740 (1988); In *re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984) ("The purpose of adequate protection under § 361 is to insure that the secured creditor receives in value essentially what he bargained for, not a windfall.").

The equity cushion held by GE is of an amount currently imprecise because, to date, the operating entities have filed neither schedules nor plans of reorganization, and the court, along with the creditors and the U.S. Trustee, have no idea as to the makeup of the operating Debtors' balance sheets. Nor has GE filed a proof of claim, so that all parties can gain a better understanding of what it is owed, and what its collateral and its values consist of.[1] Debtors' own authority states that adequate protection payments are appropriate only if the secured creditor is "threatened with a decline in the value of its interest in the estate's property." *In re Markos Gurnee P'Ship*, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997), *aff'd mem.*, 1998 WL 295507 (N.D. Ill. May 21, 1998). The evidence presented was inadequate as to the nature, amount, quantity and quality of any such decline.

In item "E" of the proposed stipulation, the Debtors and GE agree that the Debtors must adhere to a budget, but the one attached to the moving papers' budget contains the same $288,000 payment to GE, which was rejected by the court last week. The retention of that item in the budget can only be interpreted as a payment to GE on its pre-petition claim. As the court observed last week, such a payment is not appropriate in the absence of a confirmed plan.

Thus, it is apparent, notwithstanding Debtors' assertion that the new, proposed payment is "adequate protection," that the proposed payment to GE is still on account of its pre-petition debt, regardless of this week's efforts to rework the argument in a different way. Accordingly, the reasons set forth in last week's Memorandum Decision and Order (Dkts. #52 and #53) rejecting that proposal are still valid.

---

[1] Amanda Hirchert testified, without supporting documents or an adequate foundation as to her competence (as to the value of GE's collateral), that GE was owed $43,200,000, and that is collateral package was worth $43,300,000.

As to whether GE would revoke its consent to use its cash collateral, were the current request to be denied, no party has directly so testified. Amanda Hirchert testified that she "would have to discuss it with the company." She did not state that the current consent to use would change adversely, nor that GE would revoke its consent. Thus, the evidence on that issue was insufficient to rebut the record, to this point, that GE had consented to, and continues to consent to the use of its cash collateral.[2]

The repackaging of the current issue, in the stipulated order for use of cash collateral, is barred for two reasons. First, the court's decision from last week is "law of the case." *See In re Wiersma*, 483 F.3d 933, 941 (9th Cir. 2007) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (citations omitted). The law of the case doctrine is not a limitation on a tribunal's power, but rather a guide to its discretion. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Second, the doctrine of collateral estoppel (or issue preclusion) "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, ___ U.S. ___, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008). A federal court decision has preclusive effect where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Hydranautics v. Film Tec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). In federal court, even pending appeal, a final judgment retains all of its preclusive consequences. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882-83 (9th Cir. 2007); *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988). Therefore, Debtors are barred from relitigating the

---

[2] Today, Amanda Hirchert testified that GE's debt was $43,200,000 and that she felt that its collateral base was $43,300,000. Little weight can be given to her estimation of the collateral base, because of her lack of expertise as an appraiser, and no documentary or other evidence as to how she made such calculation. Without some backup basis, the $43,300,000 is speculative.

4

overriding issue of whether GE should receive payments from post-petition operating funds on account of its pre-petition lien claim.

Ms. Hirchert also testified that as of today, GE was still oversecured. Ms. Hirchert did not testify as to any direct correlation between the proposed "adequate protection" payment of $279,490.80, and a corresponding depreciation or lessening of GE's collateral. Without such exact evidence, it would be an abuse of discretion for this court to find a diminution in value of GE's collateral base which, coincidentally, matches to the penny its interest payment on the pre-petition debt.

In sum, the evidence presented was not adequate or persuasive enough to support the current request.

David LaPorte, the operating Debtors' comptroller, presented a revised budget from that offered last week. In it, he added a new section, entitled "GE Disbursement Activity" and moved "Curtailments" into that area. In addition, in one week's time, he increased those "curtailments" from $35,000 and $30,000 (due December 22, 2008 and January 25, 2009) in Exhibit "1" (last week's budget) to $200,000 and $210,000 (due December 22, 2008 and January 19, 2009) in Exhibit "A" (this week's budget), an increase in this single line item, in one week's time, by 85%. Such drastic changes to the Debtors' books, in a week's time, are simply not credible.

Mr. LaPorte offered no testimony that GE had revoked its prior consent, nor that GE was undersecured. However, Mr. LaPorte again forecasted that without the approval of today's motion, that the Debtors "could not function." Last week, he stated that unless the Debtors could pay GE's pre-petition debt, the Debtors "would fold." Since last week, however, the Debtors have not folded, and if they are not allowed to pay GE on its pre-petition debt, adequate protection or under any other theory, they will still have that same $280,000 available with which to operate, at least until the December 18, 2008 hearing on the long-term financing. If, however, the Debtors feel that there is no current need to retain the $280,000, they can always repay it on the post-petition DIP facility, and do so without a court order. That decision would reduce the Debtors' post-petition administrative expenses.

## **The Ruling**

The Debtors' and GE's motion will be denied, because, on the record before the court:

1. GE is oversecured and therefore needs no "adequate protection," as insufficient evidence has been presented to show a detrimental erosion of its collateral base, in the amounts sought to be paid;

2. GE previously consented to the use of its cash collateral by the Debtors, and nothing in the record supports a conclusion that GE has expressly withdrawn or terminated that consent;

3. Because the $279,490.80 adequate protection amount is so close in number to that which last week represented GE's pre-petition debt ($288,000), there is no reason to believe it is not for the same purpose, or based upon artificial conclusions; and

4. Hence, there being no change of circumstances warranting a change of last week's decision, the issue of paying GE on its pre-petition indebtedness, albeit called "adequate protection," is law of the case and the subject of collateral estoppel. Simply because the parties thought of a new legal theory does not resuscitate an issue previously decided.

A separate order will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on the date signed above:

Michael McGrath and Frederick J. Peterson
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Ave.
Tucson, AZ 85701
Attorneys for Debtors                    Email: ecfbk@mcrazlaw.com

Susan G. Boswell
Quarles & Brady LLP
One S. Church Ave., Suite 1700
Tucson, AZ 85701-1621
Attorneys for Bank of America, Comerica
 Bank, and Wells Fargo Bank              Email: sboswell@quarles.com

Scott D. Gibson and Kristen M. Green
Gibson, Nakamura, & Decker, PLLC
2941 N. Swan Rd., Suite 101
Tucson, AZ 85712-2343                    Email: sgibson@gnglaw.com
Co-counsel for GE Commercial Distribution  Email: kgreen@gnglaw.com

Philip R. Rudd
Kutak Rock LLP
8601 N. Scottsdale Rd., Suite 300
Scottsdale, AZ 85253-2742
Co-counsel for GE Commercial Distribution  Email: philip.rudd@kutakrock.com

Terri A. Roberts and German Yusufov
Deputy County Attorneys
32 North Stone Avenue, Suite 2100
Tucson, AZ 85701                         Email: terri.roberts@pcao.pima.gov
Attorneys for Creditor Pima County, Arizona  Email: german.yusufov@pcao.pima.gov

John R. Clemency
Greenberg Traurig LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016-9000
Attorneys for Wells Fargo Bank. N.A.     Email: clemencyj@gtlaw.com

Larry Lee Watson and Edward K. Bernatavicius
Office of the U.S. Trustee
230 N. First Ave., Suite 204             Email: larry.watson@usdoj.gov
Phoenix, AZ 85003-1706                   Email: edward.k.bernatavicius@usdoj.gov


By /s/ M.B. Thompson
    Judicial Assistant